# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 8:17-cr-466-CEH-AEP

ANGEL ANTONIO GRANJA
LOANGO

_____

## ORDER

This matter comes before the Court on Defendant Angel Antonio Granja Loango's Motion to Reduce Sentence (Doc. 132), construed Motion for Compassionate Release (Doc. 134), Motion for Clarification (Doc. 140), and Motion for the Benefit of Cooperation (Doc. 141). The Government has responded in opposition (Docs. 136, 143).

Loango was originally sentenced on March 23, 2018, on his guilty plea to conspiracy to possess with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States. *See* Docs. 70, 120. His sentence was subsequently reduced from 168 to 120 months' incarceration. *See* Section III, *infra*. Now 52 years old, he is serving his term of imprisonment at MDC Guaynabo.

In the motions, Loango requests a sentence reduction based on a variety of allegedly mitigating factors about his offense, and he also appears to request compassionate release due to medical conditions and the COVID-19 pandemic. Docs. 132, 134. He further asks the Court to explain a sentence modification that the Bureau

of Prisons told him he received. Doc. 140. Finally, he requests the benefit of his alleged cooperation with the Government. Doc. 141. The Government opposes a sentence reduction for any of these reasons, but offers an explanation as to the sentence modification. Docs. 136, 143.

Having reviewed the motions and being fully advised in their premises, the Court concludes that the motions requesting a sentence reduction are due to be denied, and the motion for clarification is due to be granted.

I. **Motion to Reduce Sentence**

In his Motion to Reduce Sentence, Loango asks for a sentence reduction in accordance with the 2019-2020 Sentencing Guidelines. Doc. 132. Beginning at a level of 38, he asks for a two-point reduction for his minimal participation in the offense, as well as a three-point reduction for accepting a guilty plea. *Id.* at 1. He also asserts that Guidelines Chapter 2D1.1 calls for an additional six-point reduction. *Id.* By Loango's calculation, his correct level should be 27, which carries a range of 70-87 months. *Id.* Although he acknowledges that the statutory minimum is 120 months, he asks the Court to impose a sentence below the minimum because of his completion of four drug programs in prison, his clean record, and the fact that he has four children in Colombia for whom he is the main source of income. *Id.*

At his resentencing proceeding on October 12, 2018, the Court determined that Loango's sentencing level was 33, which carries a range of 135 to 168 months' imprisonment. Doc. 121 at 1. The Presentence Investigation Report prepared by the Department of Probation calculated his base offense level at 38 because his offense

involved more than 500 kilograms of cocaine. *Id.* at 6. The offense level was then reduced by two points under Guidelines § 2D1.1(b)(18), because he met the criteria in § 5C1.2(a)(1)-(5) pertaining to the nature of offense and criminal history. *Id.* The Department of Probation next subtracted three points for his acceptance of responsibility, for a total of 33 points. *Id.*

Although defense counsel requested an additional two-point reduction for Loango's allegedly minor role in the offense, the Department of Probation did not recommend imposing the reduction because there was no evidence Loango's role was lesser than the other participants'. Doc. 114 at 13-14. The Court adopted the Presentence Report and agreed that his sentencing level was 33. Doc. 121 at 1. However, the Court then granted a downward variance to 120 months instead of the Guidelines minimum of 135. *Id.* at 2-3. The Court explained that the variance was warranted due to the nature and circumstances of the offense, Loango's history and characteristics, to reflect the seriousness of the offense and promote deterrence, and to avoid unwarranted sentencing disparities among defendants. *Id.* at 3.

Loango now argues that his sentencing level should have been 27. The primary difference between his calculation and the Department of Probation's is that he argues he should have received a minimal or minor participant reduction—through the two-point minor role adjustment as well as an additional mitigating role adjustment described in § 2D1.1(a)(5) of the 2021 Sentencing Guidelines, which did not exist at the time of Loango's sentencing.

Under Guidelines § 3B1.2, a minor or minimal participant in the offense is entitled to a "mitigating role" reduction. Amendment 794 of the Sentencing Guidelines, which went into effect in 2015, "added guidance to [U.S.S.G.] § 3B2.1's commentary relating to mitigating-role reductions."[1] *United States v. Palma-Meza*, 685 F. App'x 806, 809 (11th Cir. 2017). A minor participant who may be entitled to a role reduction is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as 'minimal.'" U.S.S.G. § 3B1.2, cmt. n.5.

Because Loango was sentenced in 2018, he was already sentenced in accordance with Amendment 794's clarification of the minor role factors. Moreover, he presented the same argument to the Court at sentencing, but the Court denied his request for a minor role reduction—although it then granted a substantial downward

---

[1] The amendment added the following language to Application Note 3(C) for § 3B1.2:

> In determining whether [a defendant warrants a minimal or minor participant] or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.

variance. *See* Docs. 114 at 13-14, 121. Loango did not appeal his resentencing. He offers neither adequate grounds nor any procedural basis for this Court to revisit its decision regarding a mitigating role reduction now.

The Court, in general, may not modify a term of imprisonment once it has been imposed. *See United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020), citing 18 U.S.C. § 3582(c); *see also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Finality is essential to the operation of our criminal justice system … That is why courts are generally forbidden from altering a sentence once it becomes final.") (quotations omitted). Accordingly, it cannot reduce Loango's sentence based upon a sentencing provision that was partially in effect at the time of the judgment, and an argument that has already been denied. The Motion to Reduce Sentence is due to be denied.

## II. Motion for Compassionate Release

In his second motion, which the Court construes as a motion for compassionate release, the relief Loango seeks is unclear. Doc. 134. He refers to the First Step Act's provisions regarding time credits and recidivism classifications, and appears to state that eligibility for such programs is not being interpreted consistently between facilities. *Id.* at 1-2. He directs the Court's attention to a memorandum from his prison facility indicating that it is partially resuming normal operations in the wake of the COVID-19 pandemic, and asks the Court to "look seriously at these cases." *Id.* at 2-3. Loango also appears to argue that the conditions at his prison place him at high risk because of a chronic ulcer in the stomach, arthritis, and depression. *Id.* at 2.

5

Responding in opposition, the Government argues that Loango has not established an entitlement to compassionate release, because he has not exhausted his administrative remedies and he does not have a medical condition that constitutes an extraordinary and compelling reason for release. Doc. 136. In any event, the Government contends that Loango would pose a danger to the public safety if released. *Id.*

To the extent that Loango seeks to challenge the implementation of the First Step Act's provisions by his prison facility or the Bureau of Prisons ("BOP"), the instant motion is not the appropriate vehicle to make this argument. The provision of earned time credits, for example, is within the purview of the BOP, not this Court. *See, e.g.*, *Gonzalez. v. U.S.*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."), abrogated on other grounds by *Santiago-Lugo v. Warden*, 785 F.3d 467, 471 (11th Cir. 2015). If Loango seeks to challenge an action by the BOP, he must bring a suit against the BOP in the county in which he is incarcerated. *See Antonelli v. Warden, U.S.P .Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under [28 U.S.C.] § 2241."); *see also, e.g.*, *U.S. v. Eck*, 3:16-cr-102, 2022 WL 911732, *4 (M.D. Fla. March 29, 2022) (denying compassionate release motion based, in part, on argument that defendant was being denied earned time credits under the First Step

Act, because such a claim must be brought via a § 2244 petition in the district in which he is incarcerated).

In the alternative, to the extent that Loango's motion references the First Step Act, his medical conditions, and COVID-19, the Court will construe it as a motion for compassionate release. Section 603 of the First Step Act of 2018 created a means by which incarcerated individuals may directly petition a district court for compassionate release. As modified by the First Step Act, 18 U.S.C. § 3582(b) now states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > >
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

7

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 U.S.C. § 3553(a), as applicable, as part of the analysis.[2] *See* § 3582(c)(1)(A).

First, as a threshold matter, the Court agrees with the Government that Loango has not exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A) provides that a defendant must exhaust his administrative remedies prior to filing a motion for compassionate release. Loango has not demonstrated that he made a request for compassionate release to the warden of his facility or anyone in the BOP, and the Government has produced some evidence that he did not. Doc. 136-1. The Court therefore finds that Loango's motion is procedurally barred for lack of exhaustion.

In any event, Loango also has not established the existence of an extraordinary and compelling reason that would warrant compassionate release. Under 18 U.S.C. §

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

3582(c)(1)(A), a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66. An incarcerated individual's medical condition may be considered an extraordinary and compelling reason for sentence reduction when he is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Because Loango is only 52 years old and was sentenced in 2018, he is not eligible for compassionate release under subsection (1). With respect to subsection (2), he cites medical conditions that include depression, a chronic ulcer, and arthritis. The Government argues that these conditions are inadequately documented and do not rise to the level of severity contemplated by the policy statement. The Government has provided medical records documenting that Loango has a history of reflux, joint

pain, vision problems, and post-traumatic stress disorder. Doc. 139. However, the records also note that he has no work restrictions or documented physical limitations. *Id.* at 43. Loango has produced no evidence to the contrary. Accordingly, the Court concludes that Loango has not demonstrated that he suffers from a terminal illness or a serious medical condition that substantially diminishes his ability to care for himself in prison. U.S.S.G. § 1B1.13, cmt. n. 1(A); *see United States v. Miller*, No. 22-12157, 2023 WL 1876351, *2 (11th Cir. Feb. 10, 2023) (upholding denial of compassionate release because petitioner did not show that his obesity, pre-diabetes, and hypertension substantially diminished his ability to provide self-care in prison).

Finally, to the extent that Loango also cites the COVID-19 pandemic as a reason he is at risk in his facility, the Eleventh Circuit has held that the COVID-19 pandemic does not permit a district court to deviate from the policy statement's requirements even where an incarcerated individual's medical conditions put him at particular risk of serious consequences from contracting COVID-19. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same). Therefore, even if Loango were at risk of serious medical consequences if he contracted the COVID-19 virus, binding Eleventh Circuit precedent holds that this is not an extraordinary or compelling reason for compassionate release.

Because Lozano has not met his burden of establishing an extraordinary and compelling reason for compassionate release, his construed motion for compassionate release must be denied.[3]

### III. Motion for Clarification

In his Motion for Clarification, Loango requests an explanation for a notation on his BOP sentence computation sheet that he was sentenced to 168 months with a new sentence imposed for 120 months, pursuant to a court order modifying his sentence. Doc. 140 at 1. In response, the Government explains that Loango was originally sentenced to 168 months' imprisonment, and was resentenced to 120 months by court order on October 12, 2018. Doc. 143 at 1.

The Government correctly recounts the procedural history of Loango's sentence. The Court initially sentenced him to 168 months' imprisonment on March 23, 2018. Doc. 70. After an appeal to the Eleventh Circuit Court of Appeals, however, his sentence was vacated and remanded for resentencing in a lower range. Doc. 111. The Eleventh Circuit explained that the Government acknowledged it had relied on a factual misstatement that he was the captain of the vessel, which caused him to be sentenced in an elevated range of 168 to 210 months. *Id.*; *see* Doc. 71. Accordingly, Loango was resentenced on October 12, 2018. Doc. 120. This time, his Guidelines sentencing range was calculated to be 135 to 168 months. Doc. 121. The Court then

---

[3] Because the Court has determined that Loango is not eligible for a sentence reduction based upon its findings that no extraordinary or compelling reason exists and there has been no administrative exhaustion, it need not analyze the factors listed in 18 U.S.C. § 3553(a).

11

granted a downward variance from the Guidelines range to the statutory minimum of 120 months. *Id.*

Loango's Motion for Clarification is therefore due to be granted, to the extent that he shall be provided with copies of the March 23, 2018, and October 12, 2018 Judgments as well as the Eleventh Circuit resentencing order.

### IV.     Motion for Benefit of Cooperation

Finally, Loango also asks for the benefit of his alleged cooperation with the Government, specifically with a named agent of the Drug Enforcement Agency. Doc. 141. The Government contends that it is unaware of Loango providing any substantial assistance that would warrant a reduction in his sentence. Doc. 143 at 2.

In pertinent part, Federal Rule of Criminal Procedure 35(b) states:

(b) Reducing a Sentence for Substantial Assistance.

> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
> > (A) information not known to the defendant until one year or more after sentencing;
> > (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
> > (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

12

Fed. R. Crim. P. 35(b).

"'Federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive,' like 'race or religion.'" *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (quoting *Wade v. U.S.*, 504 U.S. 181, 185–86 (1992)).  In general, the Government has only "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade*, 504 U.S. at 185.  As a result, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.  Nor would additional but generalized allegations of improper motive." *Wade*, 504 U.S at 186 (citation omitted).  However, "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." *Wade*, 504 U.S. at 185-86.  "[J]udicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *United States v. Forney*, 9 F.3d 1492, 1502-1503 (11th Cir. 1993) (citing *Wade*, 504 U.S. at 185-186) (emphasis omitted).

Loango and the Government appear to disagree regarding the existence or extent of his cooperation with the DEA.  Because the decision to file a Rule 35 motion is in the Government's discretion, however, Loango's claim that he provided substantial assistance does not entitle him to a remedy from the Court. *See Wade*, 504

13

U.S at 186. He has not made a showing that the Government's refusal to file a Rule 35 motion on his behalf is based on a constitutionally impermissible motive. *See Forney*, 9 F.3d at 1502-03. As a result, his motion for a sentence reduction based on substantial assistance must be denied.

Accordingly, it is **ORDERED**:

1. Defendant Angel Antonio Granja Loango's Motion to Reduce Sentence (Doc. 132) is DENIED.

2. Defendant's construed Motion for Compassionate Release (Doc. 134) is DENIED.

3. Defendant's Motion for Clarification (Doc. 140) is GRANTED. The Clerk is directed to provide Loango with a copy of the Judgments at Docket Nos. 70 and 120, and a copy of the Eleventh Circuit Order at Docket No. 111.

4. Defendant's Motion for the Benefit of Cooperation (Doc. 141) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on September 15, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties